IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

AUSTIN JONES,

                                **Petitioner,**

     v.                                                           CASE NO. 24-3065-JWL

DONALD LANGFORD,

                                **Respondent.**

## NOTICE AND ORDER TO SHOW CAUSE

This matter is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Petitioner and Kansas state prisoner Austin Jones. The Court has conducted an initial review of the Petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and will direct Petitioner to show cause why this matter should not be dismissed in its entirety because it was not timely filed.

### Background

In July 2010, a jury in Sedgwick County, Kansas convicted Petitioner of two counts of first-degree murder, one count of aggravated assault, and one count of criminal possession of a firearm. (Doc. 1, p. 1-2.) Petitioner is currently serving the sentence imposed for those crimes. Petitioner appealed and the Kansas Supreme Court (KSC) affirmed the convictions in November 2013. *Id.* at 2; *State v. Jones*, 298 Kan. 324 (2013) (*Jones I*). Petitioner advises that he did not file a petition for certiorari in the United States Supreme Court. (Doc. 1, p. 3.)

In November 2014, Petitioner filed in Sedgwick County District Court a motion seeking state habeas corpus relief under K.S.A. 60-1507. *See id.* The state district court denied habeas relief and Petitioner appealed. *Id.* The Kansas Court of Appeals (KCOA) affirmed the denial in an

1

opinion issued December 30, 2016. *Id.*; *Jones v. State*, 2016 WL 7494363 (Kan. Ct. App. Dec. 30, 2016) (unpublished) (*Jones II*), *rev. granted* Dec. 22, 2017 but *withdrawn as improvidently granted* July 19, 2019. Although the KSC at first granted review of the KCOA decision, it later withdrew the order granting review as improvidently granted.

On May 20, 2020, Petitioner filed a second motion for relief under K.S.A. 60-1507. (Doc. 1, p. 3.) The district court denied the second motion and, on appeal, the KCOA affirmed the denial. *Id.*; *Jones v. State*, 2023 WL 2941542 (Kan. Ct. App. April 14, 2023) (unpublished) (*Jones III*). On May 13, 2024, Petitioner placed into the prison mailing system the pro se petition for federal writ of habeas corpus pursuant to 28 U.S.C. § 2254 that is now before this Court. (Doc. 1, p. 14.)

## Standard of Review

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts requires the Court to review a habeas petition upon filing and to dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." 28 U.S.C.A. foll. § 2254. Because Petitioner is proceeding pro se, the Court liberally construes his filings. *See Hall v. Bellman*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the Court does not assume the role of Petitioner's advocate and it will not construct arguments for him. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

## Analysis

This action is subject to the one-year limitation period established by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") in 28 U.S.C. § 2244(d). Section 2244(d)(1) provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

>(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to case on collateral review; or
>
>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

The one-year limitation period generally runs from the date the judgment becomes "final," as provided by § 2244(d)(1)(A). *See Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000). The United States Supreme Court has held that direct review concludes—making a judgment "final"—when an individual has exhausted his or her opportunity for direct appeal to the state courts and his or her opportunity to request review by the United States Supreme Court. *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009). Rule 13(1) of the Rules of the Supreme Court of the United States allows ninety days from the date of the conclusion of direct appeal to seek certiorari, and the Tenth Circuit has explained that "if a prisoner does not file a petition for writ of certiorari with the United States Supreme Court after [her] direct appeal, the one-year limitation period begins to run when the time for filing a certiorari petition expires." *United States v. Hurst*, 322 F.3d 1256, 1259 (10th Cir. 2003).

As relevant to this matter, the KSC decided Petitioner's direct appeal on November 8, 2013. Petitioner therefore had until and including February 6, 2014[1] to file a petition for certiorari in the

---

[1] Rule 30 of the Rules of the Supreme Court of the United States explains that "the day of the act, event, or default from which the designated period begins to run is not included. The last day of the period shall be included, unless it is a Saturday, Sunday, federal legal holiday listed in 5 U.S.C. § 6103, or day on which the Court building is closed by order of the Court or the Chief Justice, in which event the period shall extend to the end of the next day that is not a Saturday, Sunday, federal legal holiday, or day on which the Court building is closed."

United States Supreme Court. Petitioner advises that he did not file a petition for certiorari, so on February 7, 2014, the one-year AEDPA limitation period began to run. Under the "anniversary method" used in the Tenth Circuit, the final day for Petitioner to timely file his § 2254 petition in this Court was February 7, 2015. *See Hurst*, 322 F.3d at 1260.

The AEDPA also includes a tolling provision, however, that states: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). In this case, that means that the one-year AEDPA limitation period was tolled, or paused, when Petitioner filed his K.S.A. 6-1507 motion on November 6, 2014. (*See* Doc. 1, p. 3.) The Tenth Circuit has explained that when this type of statutory tolling applies, the number of days that the relevant state-court matter is pending "is added to the one-year anniversary date to establish the final deadline for filing a § 2254 application in federal court." *Stuart v. Utah*, 449 Fed. Appx. 736, 738 (10th Cir. Nov. 30, 2011) (unpublished) (citing *Harris v. Dinwiddie*, 642 F.3d 902, 906 n.6 (10th Cir. 2011)).

Petitioner's first K.S.A. 60-1507 proceeding became final on July 19, 2019, when the KSC withdrew its initial order granting review. Thus, it was pending from November 6, 2014 through July 19, 2019, for a total of approximately 1,707 days. When those days are added to the original one-year anniversary date of February 7, 2015, it gives the new filing deadline for this matter: October 11, 2019. Yet Petitioner did not file this federal habeas petition until May 13, 2024.

In the portion of the form complaint for addressing the timeliness of the § 2254 petition, Petitioner asserts that this matter is timely because "[t]he Kansas Supreme Court denied review of [the] second [s]tate [h]abeas [c]orpus under K.S.A. 60-1507 on April 18, 2024." (Doc. 1, p. 13.) As explained above, timeliness under the AEDPA is not calculated from the date the KSC denied

relief in Petitioner's most recent state-court proceeding related to the issues raised in a subsequent federal habeas petition. Rather, there are four dates that may trigger the beginning of the one-year federal habeas limitation period:   (1) the date the judgment became final; (2) the date on which a State-created illegal impediment to filing was removed; (3) the date on which the United States Supreme Court initially recognized the constitutional right underlying the federal habeas claim if the Supreme Court made the right retroactively applicable to cases on collateral review; or (4) the date on which due diligence would have revealed the factual basis for the claim. *See* 28 U.S.C. § 2244(d)(1).

Liberally construing the petition now before the Court, it appears that only the first type of starting date is applicable—when the judgment became final. If Petitioner believes that one of the other three starting dates is applicable here, he may argue that in his response to this order. In addition, the time during which Petitioner's second K.S.A. 60-1507 proceeding was pending does not toll the AEDPA statute of limitations because it was not filed until March 20, 2020—well after the AEDPA statute of limitations expired on October 11, 2019. *See Clark v. Okla.*, 468 F.3d 711, 714 (10th Cir. 2006) ("Only state petitions for post-conviction relief filed within the one year allowed by AEDPA will toll the statute of limitations."). Thus, it appears from the information now before this Court that this matter was not timely filed and, as such, it is subject to dismissal with prejudice. The Court will grant Petitioner time, however, to show cause why this matter should not be dismissed as untimely.

In addition to the statutory tolling provision, the AEDPA limitation period is subject to equitable tolling "in rare and exceptional circumstances." *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (citation omitted). Equitable tolling is available only "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary

5

circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). Circumstances that warrant equitable tolling include, for example, "when an adversary's conduct—or other uncontrollable circumstances—prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a deficient pleading during the statutory period." *Gibson*, 23 F.3d at 808 (internal citations omitted). However, "[s]imple excusable neglect is not sufficient." *Id.* (citation omitted).

There also is an exception to the AEDPA statute of limitations that applies in cases of actual innocence. To obtain the actual innocence exception, Petitioner is not required to conclusively exonerate himself. *See Fontenot v. Crow*, 4 F.4th 982, 1030 (10th Cir. 2021). Rather, he must identify "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *See Schlup v. Delo*, 513 U.S. 298, 324 (1995). He "must establish that, in light of [this] new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *House v. Bell* 547 U.S. 518, 536-37 (2006) (quoting *Schlup*, 513 U.S. at 327). If Petitioner wishes to assert the actual innocence exception, he must identify for the Court the "new reliable evidence" not presented at trial that makes it "more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt." This is because the actual innocence exception exists to provide an avenue to remedy "the conviction of one who is actually innocent." *Bousley v. United States*, 523 U.S. 614, 623-24 (1998).

In summary, this matter does not appear to have been timely filed and it is subject to dismissal unless Petitioner demonstrates grounds for additional statutory tolling or equitable tolling or he establishes that the actual innocence exception to the time limitation applies. Therefore, the Court will direct Petitioner to show cause in writing why this matter should not be

dismissed as time-barred. If Petitioner successfully does so, the Court will issue further orders as necessary. If Petitioner fails to timely submit a response to this order, this matter will be dismissed without further prior notice to Petitioner.

### Motion to Appoint Counsel (Doc. 3)

Petitioner has also filed a motion for appointment of counsel. (Doc. 3.) Therein, he identifies attorneys he has contacted regarding representation and he seeks appointment of counsel due to "[t]he complexity of [his] legal issues and [his] inability to properly argue the issues at the federal level." *Id.* at 2-4.

Petitioner has no constitutional right to counsel in a federal habeas corpus action. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). Rather, the decision whether to appoint counsel rests in the Court's discretion. *Swazo v. Wy. Dept. of Corr. State Penitentiary Warden*, 23 F.3d 332, 333 (10th Cir 1994). A court may appoint counsel if it "determines that the interest of justice so require." 18 U.S.C. § 3006A(a)(2)(B). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Steffey v. Orman*, 451 F.3d 1218, 1223 (10th Cir. 2006) (quoting *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). When deciding whether to appoint counsel, the Court must consider "the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Hill*, 393 F.3d at 1115 (citing *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

After considering all of the relevant circumstances, the Court concludes that it is not in the interest of justice to appoint counsel in this matter at this time. It is not enough to assert that appointing counsel will help present the "strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (quoting *Rucks*, 57 F.3d at 979). As explained above, this

7

matter appears to be time-barred. Petitioner has ably articulated his habeas claims and there is no indication that he will be unable to articulately respond to this order. Moreover, drafting a response to this order will not require additional investigation or arguments of unusual complexity. Accordingly, the Court will deny the motion to appoint counsel without prejudice to refiling if the material circumstances change.

**IT IS THEREFORE ORDERED THAT** the motion to appoint counsel (Doc. 3) is **denied without prejudice**.

**IT IS FURTHER ORDERED THAT** Petitioner is granted until and including June 14, 2024, in which to show cause, in writing, why this matter should not be dismissed due to his failure to commence it within the one-year time limitation. The failure to timely respond to this order will result in this matter being dismissed without further prior notice to Petitioner.

**IT IS SO ORDERED.**

DATED:   This 14th day of May, 2024, at Kansas City, Kansas.

<u>S/ John W. Lungstrum</u>
JOHN W. LUNGSTRUM
United States District Judge