**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**AUSTIN JONES,**

**Petitioner,**

v.                                                    **CASE NO. 24-3065-JWL**

**DONALD LANGFORD,**

**Respondent.**

**MEMORANDUM AND ORDER**

This matter is a pro se petition for writ of habeas corpus filed under 28 U.S.C. § 2254 by Petitioner and Kansas state prisoner Austin Jones. It comes before the Court on Petitioner's response to the Court's Notice and Order to Show Cause (NOSC) regarding timeliness. The Court has reviewed Petitioner's response carefully and concludes that this matter must be dismissed as time-barred. Accordingly, Petitioner's two pending motions for leave to proceed in forma pauperis (Docs. 2 and 6) will be denied as moot.

In 2010, Petitioner was convicted in state court of two counts of first-degree murder, one count of aggravated assault, and one count of criminal possession of a firearm. The Kansas Supreme Court (KSC) affirmed his convictions, after which Petitioner pursued state habeas corpus relief under K.S.A. 60-1507. The state district court denied relief, the Kansas Court of Appeals (KCOA) affirmed the denial, and ultimately, the KSC declined to review the KCOA's opinion. Petitioner then unsuccessfully pursued a second motion for relief under 60-1507; the state district court denied the motion and the KCOA affirmed the denial. (Doc. 5, p. 1-2.)

Petitioner filed his 28 U.S.C. § 2254 petition on May 13, 2024. (Doc. 1.) Shortly thereafter, the Court issued a NOSC explaining that this matter appears untimely filed. (Doc. 5.) The Court

set forth the applicable law for calculating the deadline to timely file a § 2254 petition, then applied the law to this case, concluding that the time in which Petitioner could file his petition expired on or around October 11, 2019. *Id.* at 2-4. The NOSC noted that the federal habeas statute of limitations is subject to statutory tolling, equitable tolling, and an exception in cases of absolute innocence. *Id.* at 5-6. Based on the petition before the Court, however, it did not appear that the petition was timely filed. Thus, the Court directed "Petitioner to show cause in writing why this matter should not be dismissed as time-barred." *Id.* at 6-7.

Petitioner promptly filed his response (Doc. 7), which this Court has liberally construed because Petitioner proceeds pro se. *See James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013). In the response, Petitioner does not appear to object to the dates as set forth in the NOSC. After setting forth some legal standards, he argues that "exhaustion of state remedies provides for equitable tolling." (Doc. 7, p. 1-3.) The next two pages are almost entirely an unattributed block quote from *Gibson v. Klinger*, 232 F.3d 799, 803-04 (10th Cir. 2000). (Doc. 7, p. 3-4.) Petitioner does not explain how *Gibson* applies to his case and the statutory tolling to which Petitioner is entitled— and which is similar to the type discussed in *Gibson*—was included in the NOSC's calculations. (*See* Doc. 5, p. 4-5.) Petitioner has not shown an entitlement to additional statutory tolling.

Petitioner also sets forth the Kansas state law governing the time limitations for filing in state court a motion under 60-1507 (Doc. 7, p. 4-5), but he does not explain how those laws affect the timelines of this federal habeas matter brought under 28 U.S.C. § 2254. The analysis in the NOSC was not based on a belief that either of Petitioner's 60-1507 motions was not timely filed.[1]

---

[1] The statement in the NOSC that "the time during which Petitioner's second K.S.A. 60-1507 proceeding was pending does not toll the AEDPA statute of limitations because it was not filed until March 20, 2020—well after the AEDPA statute of limitations expired on October 11, 2019" was not based on the belief that the second 60-1507 proceeding was untimely filed under state law. (Doc. 5, p. 5.) That statement simply means that the second 60-1507 proceeding did not pause the time period in which Petitioner could file this federal habeas petition because by the time Petitioner filed his second 60-1507 motion, the time in which to file the federal habeas petition had already expired.

Similarly unrelated are Petitioner's references to *Martinez v. Ryan*, 566 U.S. 1 (2012), and *Trevino v. Thaler*, 569 U.S. 413 (2013). (Doc. 7, p. 6-7.) Those cases concerned when a federal court reviewing a habeas corpus petition from a state prisoner may consider the merits of *procedurally defaulted* claims.[2] (Doc. 6-7.) Whether to consider a procedurally defaulted claim is a different analysis than whether a § 2254 petition was timely filed, which is the question here.

In addition, Petitioner briefly asserts that he is entitled to equitable tolling because of "misconduct" by his appointed counsel during his first 60-1507 proceeding. (Doc. 7, p. 5.) Equitable tolling applies "'in rare and exceptional circumstances' . . . 'when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control.'" (Doc. 5, p. 5-6 (quoting *Gibson*, 232 F.3d at 808, and *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000).) Petitioner explains that he "was provided counsel for his collateral proceeding who was ineffective for not arguing serious issues which involve a claim of self defense under Kansas law that amounts to actual innocence." (Doc. 7, p. 7.)

Petitioner provides no further details, nor does he identify additional "misconduct." His first 60-1507 proceeding became final on July 19, 2019. Petitioner does not explain how counsel's failure to argue certain issues to the state court in that proceeding prevented him from filing a § 2254 petition in this Court on or before October 11, 2019. He does not allege any facts that would show he was diligently pursuing his claims during the time in which he could have filed his federal habeas petition. Even liberally construing the petition and the response to the NOSC, Petitioner has not established that he is entitled to additional statutory tolling, equitable tolling, or the actual

---

[2] When the United States Supreme Court refers to a claim as "procedurally defaulted," it means that the state court did not consider a claim's merits—even though the petitioner raised the claim in state court—because the petitioner failed to comply with an independent state procedural rule. *See Trevino*, 569 U.S. at 416-20; *Martinez*, 566 U.S. at 7. Generally speaking, when a petitioner raises a procedurally defaulted claim in a federal habeas petition, the federal court cannot consider the claim's merits unless the petitioner shows cause for the default and prejudice that resulted. *Martinez* and *Trevino* addressed when ineffective assistance of post-conviction counsel can provide cause for a default.

innocence exception to the one-year federal habeas statute of limitations. Thus, the Court maintains its prior conclusion that this matter must be dismissed as time-barred.

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability (COA) upon entering a final adverse order. A COA may issue only if the petitioner made a substantial showing of the denial of a constitutional rights. 28 U.S.C. § 2253(c)(2).

> "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The failure to satisfy either prong requires the denial of a COA. *Id.* at 485. The Court concludes that the procedural ruling in this matter is not subject to debate among jurists of reason. Therefore, the Court declines to issue a certificate of appealability.

**IT IS THEREFORE ORDERED THAT** this matter is **dismissed with prejudice** as time-barred. No certificate of appealability will issue. The pending motions to proceed in forma pauperis (Docs. 2 and 6) will be **denied as moot**.

**IT IS SO ORDERED.**

DATED:   This 28th day of May, 2024, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge