IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**AUSTIN JONES,**

                              **Petitioner,**

             v.                                                                         **CASE NO. 24-3065-JWL**

**DONALD LANGFORD,**

                              **Respondent.**

## MEMORANDUM AND ORDER

On May 28, 2024, this Court dismissed this federal habeas matter with prejudice as time-barred and declined to issue a certificate of appealability. (Doc. 8.) On June 21, 2024, Petitioner filed four documents: "Objections to Magistrate Judge's Report & Recommendation," (Doc. 10); an application for certificate of appealability[1] (Doc. 11); a notice of appeal (Doc. 12); and a motion for leave to proceed in forma pauperis (Doc. 13). On June 24, 2024, the Tenth Circuit issued an order abating the appeal "pending the district court's disposition of ECF Nos. 10 and 11." (Doc. 16, p. 1.) The Court has liberally construed Petitioner's "Objections" and his application for certificate of appealability as motions for reconsideration of the Court's previous orders, which will be denied for the reasons set forth below, as will the motion for leave to proceed in forma pauperis.

### Background

In July 2010, a jury in Sedgwick County, Kansas convicted Petitioner of two counts of first-degree murder, one count of aggravated assault, and one count of criminal possession of a

---

[1] This motion could be intended to seek a certificate of appealability from the Tenth Circuit Court of Appeals. Because "a notice of appeal constitutes a request for a certificate of appealability" from the Tenth Circuit, *see* 10th Cir. Rule 22.1(A), this Court will liberally construe the pro se motion before it as a request for reconsideration of the Court's previous denial of a certificate of appealability.

1

firearm. (Doc. 1, p. 1-2.) Petitioner currently is serving the sentence imposed for these convictions. He pursued a direct appeal and on November 8, 2013, the Kansas Supreme Court (KSC) affirmed the convictions. *Id.* at 2; *State v. Jones*, 298 Kan. 324 (2013) (*Jones I*).

On November 6, 2014, Petitioner filed in state district court a motion seeking relief under K.S.A. 60-1507. (Doc. 1, p. 3.) After the state district court denied the motion, Petitioner appealed, but the Kansas Court of Appeals (KCOA) affirmed the denial in December 2016. *Jones v. State*, 2016 WL 7494363 (Kan. Ct. App. Dec. 30, 2016) (unpublished) (*Jones II*), *rev. granted* Dec. 22, 2017 *but withdrawn as improvidently granted* July 19, 2019. Although the KSC initially granted Petitioner's petition for review, it withdrew the order granting review on July 19, 2019, because review had been improvidently granted.

On May 20, 2020, Petitioner filed in state district court a second motion seeking relief under K.S.A. 60-1507. (Doc. 1, p. 3.) After the state district court denied the motion, Petitioner appealed, but the KCOA affirmed the denial. *Jones v. State*, 2023 WL 2941542 (Kan. Ct. App. April 14, 2023) (unpublished), *rev. denied* April 18, 2024 (*Jones III*). The KSC denied Petitioner's petition for review on April 18, 2024.

On May 13, 2024, Petitioner filed in this Court his pro se petition for federal writ of habeas corpus pursuant to 28 U.S.C. § 2254. (*See* Doc. 1, p. 14.) The following day, this Court issued a notice and order to show cause (NOSC) that explained to Petitioner that this habeas matter appears barred by the applicable statute of limitations. (Doc. 5.) After setting forth the applicable law, the Court reasoned:

> As relevant to this matter, the KSC decided Petitioner's direct appeal on November 8, 2013. Petitioner therefore had until and including February 6, 2014 to file a petition for certiorari in the United States Supreme Court. Petitioner advises that he did not file a petition for certiorari, so on February 7, 2014, the one-year AEDPA limitation period began to run. Under the "anniversary method" used in the Tenth Circuit, the final day for Petitioner to timely file his § 2254 petition in

> this Court was February 7, 2015. *See* [*United States v.*] *Hurst*, 322 F.3d [1256,] 1260 [(10th Cir. 2003)].
>
> The AEDPA also includes a tolling provision, however, that states: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). In this case, that means that the one-year AEDPA limitation period was tolled, or paused, when Petitioner filed his K.S.A. 6-1507 motion on November 6, 2014. (*See* Doc. 1, p. 3.) The Tenth Circuit has explained that when this type of statutory tolling applies, the number of days that the relevant state-court matter is pending "is added to the one-year anniversary date to establish the final deadline for filing a § 2254 application in federal court." *Stuart v. Utah*, 449 Fed. Appx. 736, 738 (10th Cir. Nov. 30, 2011) (unpublished) (citing *Harris v. Dinwiddie*, 642 F.3d 902, 906 n.6 (10th Cir. 2011)).
>
> Petitioner's first K.S.A. 60-1507 proceeding became final on July 19, 2019, when the KSC withdrew its initial order granting review. Thus, it was pending from November 6, 2014 through July 19, 2019, for a total of approximately 1,707 days. When those days are added to the original one-year anniversary date of February 7, 2015, it gives the new filing deadline for this matter: October 11, 2019. Yet Petitioner did not file this federal habeas petition until May 13, 2024.

(Doc. 5, p. 3-4 (footnote omitted).)

The Court then rejected Petitioner's assertion in the petition that this federal habeas matter is timely because he filed it within one year of the KSC order denying review in Petitioner's second 60-1507 proceeding, explaining that the timeliness of this matter is not necessarily calculated "from the date the KSC denied relief in Petitioner's most recent state-court proceeding . . . ." *Id.* at 4-5. Additionally, the Court advised Petitioner that his second 60-1507 motion did not toll the federal habeas statute of limitations because it was not filed until after the federal habeas statute of limitations had expired. *Id.* at 5. Thus, it appeared that this matter was not timely filed.

The Court further explained, however, that the federal habeas "limitation period is subject to equitable tolling 'in rare and exceptional circumstances.'" (Doc. 5, p. 5 (citation omitted).) After setting out the type of circumstances that could justify equitable tolling and also explaining the exception to the federal habeas statute of limitations that exists in cases of actual innocence, the

3

Court granted Petitioner time to show cause why this matter should not be dismissed as untimely filed. *Id.* at 5-7.

Petitioner promptly filed a response to the order, but did not persuade this Court that he was entitled to equitable tolling or that the petition in this matter was timely filed. (*See* Doc. 7 and Doc. 8, p. 2-4.) Accordingly, the Court concluded that this matter must be dismissed as time-barred. As required by Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, this Court then considered whether to issue a certificate of appealability. The Court concluded "that the procedural ruling in this matter is not subject to debate among jurists of reason," so it declined to issue a certificate of appealability. (Doc. 8, p. 4.) Because the matter was being dismissed, the Court denied the pending motions to proceed in forma pauperis as moot. *Id.*

### "Objections to Magistrate Judge's Report & Recommendation" (Doc. 10)

The first document the Court has received from Petitioner is titled "Petitioner's Objections to Magistrate Judge's Report & Recommendation." (Doc. 10.) No order in this matter was issued by a United States Magistrate Judge, nor was a report and recommendation ever issued in this matter. The undersigned United States District Judge issued the memorandum and order that dismissed this matter and declined to issue a certificate of appealability. (*See* Doc. 8, p. 4.) This Court liberally construes pro se filings such as this. *See James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013) ("Because James is pro se, we liberally construe his filings, but we will not act as his advocate."). Since the substance of this filing seeks reconsideration of the dismissal of this matter, the Court will liberally construe the filing as a motion for reconsideration.

Understandably, since the filing is not framed as a motion for reconsideration, Petitioner does not identify a specific legal authority under which he seeks reconsideration. There are two Federal Rules of Civil Procedure that are most frequently used to seek reconsideration of a

4

dispositive order: Rule 59 and Rule 60. The Court will consider whether Petitioner has shown that he is entitled to relief under either rule.

Under Rule 59(e), the Court may grant a motion to amend judgment only if the moving party establishes: (1) an intervening change in the controlling law; (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or (3) the need to correct clear error or prevent manifest injustice. *Servants of the Paraclete v. Does*, 294 F.3d 1005, 1012 (10th Cir. 2000). A motion under Rule 59(e) is not to be used to present supporting facts that could have been presented in earlier filings. *Servants of the Paraclete*, 294 F.3d at 1012. "Rule 59(e) motions are not second or successive [habeas] petitions, but instead a part of a prisoner's first habeas proceeding." *Bannister v. Davis*, 590 U.S. 504, 517 (2020). Nevertheless, when considering a Rule 59(e) motion, "courts will not address new arguments or evidence that the moving party could have raised before the decision issued." *Id.* at 508.

Under Rule 60(b), the Court may order relief from a final judgment, but only in exceptional circumstances. See *Servants of Paraclete v. Does*, 204 F.3d 1005, 1009 (10th Cir. 2000). Specifically, Rule 60(b) states:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

In his motion, Petitioner first reasserts his argument that the federal habeas statute of limitations was tolled from the time his first K.S.A. 60-1507 appeal concluded through the conclusion of his second K.S.A. 60-1507 appeal. (Doc. 10, p. 1-2.) He points to the Tenth Circuit's holding in *Gibson v. Klinger*, 232 F.3d 799, 804 (10th Cir. 2000), that "regardless of whether a petitioner actually appeals a denial of a post-conviction application, the [federal habeas] limitations period is tolled during the period in which the petitioner could have sought an appeal under state law." *Id.* at 2. Petitioner then points out that Kansas law allowed one year after the first 60-1507 appeal concluded for him to file the second K.S.A. 60-1507 motion, in which he challenged the assistance given by counsel in the first K.S.A. 60-1507 proceedings. *Id.* Thus, Petitioner argues, this Court "erred in not tolling the time in which Mr. Jones was still appealing his sentence, and convictions within the time lines of the Kansas State Law pursuant to K.S.A. 60-1507." *Id.*

Even liberally construing this argument, it fails on its merits. Contrary to Petitioner's understanding, filing a second K.S.A. 60-1507 motion in state district court, even one which seeks relief based on claims of ineffective assistance of counsel during a previous 60-1507 proceeding, is not considered an "appeal" as contemplated in *Gibson*. As the Honorable Sam Crow explained in another case:

> Petitioner argues that his second K.S.A. 60-1507 motion was "a 'direct appeal'" of his first K.S.A. 60-1507 motion, so the two proceedings "should be treated as one 'compound' state-post-conviction review" and toll the limitation period. Relatedly, he argues that the time between the two K.S.A. 60-1507 actions should not count toward the federal habeas limitation period because that time has been held to be included in the definition of "pending" for the purposes of statutory tolling while "a properly filed application for State . . . collateral review . . . is pending." [S]ee also 28 U.S.C. § 2244(d)(2).
>
> Both of these arguments are unavailing. First, there is no legal authority to support the assertion that a second 60-1507 proceeding is a "direct appeal" from an

6

> earlier 60-1507 proceeding. Although a second K.S.A. 60-1507 proceeding may challenge the effectiveness of counsel in a prior 60-1507 proceeding, this does not render the second action a "direct appeal." *Cf. Overton v. State*, 2015 WL 1636732, *2, 346 P.3d 341 (Kan. Ct. App. 2015) (unpublished opinion)(rejecting argument that construed a 60-1507 proceeding as a direct appeal of the criminal conviction), *rev. denied* Oct. 7, 2015. Rather, "'direct appeal' is a legal term of art with a well-recognized meaning, especially regarding criminal prosecutions. The term refers to an appeal from the judgment of conviction in a criminal case in contrast to a habeas corpus challenge considered to be collateral to or separate from the criminal case." *Id.*
>
> Petitioner's second 60-1507 proceeding collaterally attacked his criminal conviction and alleged ineffective assistance of counsel in his first 60-1507 proceeding, among other things. . . . The challenge to his first 60-1507 counsel does not render the second 60-1507 proceeding a direct appeal. *See also* K. Sup. Ct. R. 183(c)(3) ("A proceeding under K.S.A. 60-1507 ordinarily may not be used as a substitute for direct appeal . . . .").

*Marler v. Langford*, 2022 WL 2104232, *5 (D. Kan. June 10, 2022) (some internal citations omitted) (unpublished), *cert. of app. on other grounds denied by Tenth Circuit* Jan. 30, 2024.

This Court agrees with Judge Crow's reasoning and adopts it here. Petitioner is not entitled to statutory tolling of the federal habeas statute of limitations during time between Petitioner's 60-1507 proceedings. And, as explained previously to Petitioner, "the second 60-1507 proceeding did not pause the time period in which Petitioner could file this federal habeas petition because by the time Petitioner filed his second 60-1507 motion, the time in which to file the federal habeas petition had already expired." (Doc. 8, p. 2 n.1); *see also Clark v. Okla.*, 468 F.3d 711, 714 (2006) ("Only state petitions for post-conviction relief filed within the one year allowed by AEDPA will toll the statute of limitations."). The Court did not err in its application of statutory tolling, so reconsideration is not required to correct clear error.

Next, Petitioner asserts that the Court erred in concluding he was not entitled to equitable tolling due to egregious misconduct by counsel. (Doc. 10, p. 2-8.) He contests the Court's finding that he had failed in his response to the show-cause order to sufficiently explain the "misconduct"

7

by appointed counsel that justified equitable tolling. *Id.* at 2-3; (*See also* Doc. 7, p. 3-4). Petitioner directs the Court's attention to pages in his petition and the attachments thereto, asserting that "[t]hose issues are clearly briefed." (Doc. 10, p. 2-3.) The Court has carefully reviewed the entire petition and attachments. Although Petitioner identified instances of alleged ineffective assistance of counsel, at no point did he explain how that ineffective assistance shows that he "diligently pursue[d] his claims" nor did he "demonstrate[] that the failure to timely file was caused by extraordinary circumstances beyond his control." *See Gibson*, 232 F.3d at 808 (setting out requirements for equitable tolling).

Simply put, Petitioner asks the Court to take statements he made in the petition for other purposes—identifying the claims he wished to bring in this federal habeas action and the facts that support those claims—and consider them as a response to the show-cause order. To do that, the Court would have to read into those statements an argument that was not present: that the ineffective assistance of counsel and Petitioner's pursuit of relief in state court show the type of exceptional circumstances that justify equitable tolling. This Court would have to independently construct the argument that the various alleged failings of state-court counsel—the failure to raise certain issues to the state courts and what Petitioner describes as an "inaccurate and wrong" explanation of why counsel did not raise the issues—somehow prevented Petitioner from timely filing his federal habeas petition.

As previously explained, the Court liberally construes pro se pleadings and filings, but it may not act as Petitioner's advocate. *See James*, 724 F.3d at 1315. "[T]he court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). It "'may not rewrite a petition to include claims that were never presented.'" *Childers v. Crow*, 1 F.4th 792, 798 (10th Cir. 2021)

8

(citation omitted). If Petitioner wished to use facts alleged in his petition and the attachments thereto in an argument that equitable tolling is warranted in this case, he could have done so in his response to the show-cause order. He did not. When considering a Rule 59(e) motion, "courts will not address new arguments or evidence that the moving party could have raised before the decision issued." *Bannister*, 590 U.S. at 508. Thus, Petitioner's arguments on this point do not merit reconsideration.

Relatedly, Petitioner next argues that the timeline of events shows that he "diligently pursued his appeals in a timely manner from start to finish." (Doc. 10, p. 8.) Other than restating the timeline, which largely mirrors the timeline set forth earlier in this order and in the Court's previous orders, he presents no further argument. Because Petitioner presents no new argument on this point, the Court will not address this argument further and states only that it is not sufficient to persuade the Court to reconsider its decision that Petitioner is not entitled to equitable tolling.

Whether his motion is considered under Rule 59 or Rule 60, Petitioner has not met the standard for reconsideration or relief from the judgment of this Court. He has not established an intervening change in the controlling law, identified evidence that could not have been obtained prior to the M&O, or shown the need to correct clear error or prevent manifest injustice, as needed for relief under Rule 59. Nor has he demonstrated mistake, inadvertence, surprise, excusable neglect, or any other reason justifying relief under Rule 60. In conclusion, Petitioner has shown no persuasive reason for the Court to reconsider the conclusions set forth in the dismissal order. The motion for reconsideration will be denied.

## Application for Certificate of Appealability (Doc. 11)

In accordance with Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, this Court denied a certificate of appealability when it entered its final order

adverse to Petitioner. (Doc. 8, p. 4.) That order dismissed this matter because it was not timely filed, as explained above and in the Court's prior orders. *Id.* at 1-4.

For this Court to issue a certificate of appealability, Petitioner must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and . . . whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Petitioner now asserts (1) this Court failed to properly consider *Gibson* when it found this matter untimely and declined to issue a certificate of appealability and (2) he has shown extraordinary circumstances that, under *Martinez v. Ryan*, 566 U.S. 1 (2012), and *Trevino v. Thaler*, 569 U.S. 413 (2013), merit issuing him a certificate of appealability. (Doc. 11, p. 2-5.)

As the Court has explained, *Gibson* does not mean that this Court should statutorily toll the time between separate postconviction state habeas proceedings. Moreover, as explained in the dismissal order, *Martinez* and *Trevino* involved procedural default of a claim, not timeliness, and they are not persuasive here. The Court has carefully considered the arguments Petitioner makes in his motion for certificate of appealability and maintains its prior conclusion that there are no grounds to grant a certificate of appealability in this matter. Even liberally construing the motion, as is appropriate since Petitioner proceeds pro se, the Court is not persuaded that reasonable jurists would find it debatable whether the Court was correct in its procedural ruling. Thus, the motion will be denied.

**Motion for Leave to Proceed In Forma Pauperis (Doc. 13)**

Petitioner has also filed a motion for leave to proceed in forma pauperis. (Doc. 13.) Therein, he reminds the Court that he is proceeding pro se, that he is incarcerated and without funds to pay the appellate filing fee, and that although he is employed, he earns only $21.00 per month from

the KDOC. *Id.* at 1. Thus, he asks this Court to grant him leave to procced without paying the filing fee in this matter. *Id.*

"'To qualify for in forma pauperis status, a petitioner must show "a financial inability to pay the required fees" and "a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal."'" *Drennan v. Pryor*, 662 Fed. Appx. 565, 570 (10th Cir. 2016) (citations omitted); *see also McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997). The Court has reviewed Petitioner's inmate account statement, which was provided with the motion for leave to proceed in forma pauperis (Doc. 13-1) and concludes that Petitioner has not shown a financial inability to pay the required fees in this matter. Accordingly, the motion for leave to proceed in forma pauperis will be denied.

**IT IS THEREFORE ORDERED** that Petitioner's "Objections to Magistrate Judge's Report & Recommendations" (Doc. 10) is construed as a motion for reconsideration and is **denied**; his motion for certificate of appealability (Doc. 11) is **denied**; and his motion for leave to proceed in forma pauperis (Doc. 13) is **denied**. The Clerk is directed to supplement the preliminary record on appeal as required by Tenth Circuit Rule 3.2(B).

**IT IS SO ORDERED.**

DATED:   This 25th day of June, 2024, at Kansas City, Kansas.

> S/ John W. Lungstrum
> JOHN W. LUNGSTRUM
> United States District Judge